919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry CAMPBELL, Plaintiff-Appellant,
v.
Neil RONE, Gerald Daniel, Betty Downing, John Spence,
Defendants-Appellees.
 No. 90-5488.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Henry Campbell appeals the district court's judgment granting the defendants' motion for summary judgment and denying Campbell's motion to amend his complaint.
 
 
 3
 Campbell brought this prisoner civil rights action under 42 U.S.C. Sec. 1983. He claimed that the defendants' actions constitute deliberate indifference to his serious medical condition and that he was denied due process during disciplinary board proceedings. Specifically, he claimed that he placed his breakfast tray in the food warmer located in the kitchen of his housing unit. He then went to the clinic to receive an insulin injection and other medication. When he returned, defendant Spence had discarded his food tray. Thereafter, he received a disciplinary write-up from defendant Downing for being "out of place" when he put his tray in the food warmer. The other defendants are officers of the Lake County Regional Correctional Facility. Campbell requested damages.
 
 
 4
 After reviewing the defendants' and Campbell's respective motions to dismiss or for summary judgment, the district court granted summary judgment for the defendants and denied the motion to amend complaint. The court reasoned that Campbell failed to allege facts showing deliberate indifference to his medical needs, and that the defendants gave him all the process to which he was due during his disciplinary proceeding. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wolff v. McDonnell, 418 U.S. 539, 563 (1974). The court denied the motion to file an amended complaint as amendment would be futile.
 
 
 5
 On appeal, Campbell argues that the district court erred in granting summary judgment to the defendants as the facts establish that they were deliberately indifferent to his serious medical needs and violated his due process rights. Upon review, we conclude that the district court properly granted summary judgment to the defendants on both issues.
 
 
 6
 Accordingly, for the reasons stated in the district court's memorandum order dated March 2, 1990, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.